# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>LANCE AARON WILSON,<br><br>Defendant-Petitioner. | 1:15-cr-00046-LJO-SKO-4<br><br>**MEMORANDUM DECISION AND ORDER RE MOTIONS FOR RECUSAL, FOR WAIVER OF ATTORNEY-CLIENT PRIVILEGE, AND FOR APPOINTMENT OF COUNSEL; ORDER SETTING BRIEFING SCHEDULE RE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**(ECF Nos. 150, 153, 154, 156)** |
|---|---|

The Court has received Petitioner's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and related motions. ECF Nos. 148-156. In addition to the motions attacking his sentence, Petitioner has also moved for recusal, for waiver of attorney-client privilege, and for the appointment of counsel. ECF Nos. 150, 153, 154. The motions are considered in turn.

## I. MOTION FOR RECUSAL

Petitioner has made a "Motion for Judge Recusal," on the basis of fairness, arguing that the Court "forc[ed] [Petitioner] to keep an inexperience[d] attorney," allegedly mismanaged the case, and purportedly treated the defendants in a disparate manner. ECF No. 153. A judge is required to disqualify himself if his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge

1

whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). The Supreme Court has recognized that:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

The Supreme Court has explained the rare circumstances in which an exception to that rule may apply. Statements based on facts or evidence gathered during the course of judicial proceedings "*may* [warrant recusal] if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*.

> An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id*., at 28 (internal quotation marks omitted). Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Id*. at 555-56. Petitioner's complaints about the prior proceedings focus on "judicial rulings, routine trial administration efforts, and ordinary admonishments." *Id*. at 556. The motion focuses in particular on rulings made with respect to a codefendant, who Petitioner claims was the subject of favorable treatment because she received continuances, had her case severed, received "prison credit for time spent on a[n]

ankle monitor," and was allegedly "able to make false proffers, implicating [Petitioner]." He also asserts that he was held responsible for a drug quantity as part of the conspiracy that was not reasonably foreseeable and that the Court failed to inform him of his speedy trial rights, appellate rights, and that the drug quantity must be proven beyond a reasonable doubt. Petitioner concludes that he was discriminated against because he was "the only male" defendant, though he offers no other facts to support this claim. Here, as in *Liteky*, all of the conduct complained of "occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id*. Accordingly, Petitioner's motion for disqualification or recusal is **DENIED**.

## II. <u>MOTION FOR APPOINTMENT OF COUNSEL</u>

Petitioner also moved for appointment of counsel. ECF No. 154. There is no constitutional right to appointment of counsel for petitioners making a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Appointment of counsel to represent indigent defendants is also required in 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). *See also Dillon v. United States*, 307 F.2d 445,

447 (9th Cir. 1962) (due process requires appointment of counsel "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel"). Outside of these three mandatory situations, district courts are authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a section 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954.

Petitioner does not differentiate his request for habeas relief from that of any other petitioner and fails to show how the interests of justice would be served by appointing counsel in this case.

Accordingly, the motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

### III. WAIVER OF ATTORNEY-CLIENT PRIVILEGE

In a filing styled as a "Motion for an order to vacate or in the Alternative a prompt hearing," Petitioner asserts seven grounds for finding that his attorney rendered ineffective assistance of counsel. ECF No. 150. Near the top of the filing, this document carries the heading "Attorney-Client Privilege Waiver" and states that "[t]he petitioner[,] Lance W., waives the attorney[-]client privilege information for the matters of the 2255 motion and hearing." Because this waiver is accompanied by a list of items arising from the attorney-client relationship about which Petitioner claims ineffective assistance of counsel and that put the attorney-client relationship into play, the Court construes it as a motion for waiver of attorney-client privilege.

Good cause appearing, the Court hereby **FINDS** that the defendant, through the motions filed in this matter pursuant to 28 U.S.C. § 2255, has waived the attorney-client privilege between himself and his former counsel, Ryan Roth, with regard to all matters raised in Petitioner's motion.

**IT IS HEREBY ORDERED** that former defense counsel, Ryan Roth, is permitted to disclose any information arising out of the attorney client privilege related to the ineffective assistance of counsel

4

claims raised in Petitioner's § 2255 motion.

## IV. **BRIEFING SCHEDULE**

The Court has reviewed Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and the related motions making similar attacks on his sentence. ECF Nos. 148-152, 155, 156. The Court believes that its decision-making would be aided by the filing of a response by the Government to Petitioner's § 2255 motion. Accordingly, the Government shall have until **Monday, November 26, 2018**, to file any opposition, and Petitioner shall have until **Friday, January 25, 2019**, to file a reply.

## V. **CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for recusal (ECF No. 153) is **DENIED**;
2. Petitioner's motion for appointment of counsel (ECF No. 154) is **DENIED WITHOUT PREJUDICE**;
3. Petitioner's motion for waiver of attorney-client privilege (ECF No. 150) is **GRANTED**;
4. The Government's opposition to Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 156) is due by **Monday, November 26, 2018**. Petitioner's reply in support of his motion is due **Friday, January 25, 2019**.

IT IS SO ORDERED.

Dated: **October 1, 2018**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE