# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>LANCE AARON WILSON,<br><br>　　　　Defendant-Petitioner. | 1:15-cr-00046-LJO-SKO-4<br><br>MEMORANDUM DECISION AND ORDER RE REQUEST TO SUPPLEMENT BRIEFING; ORDER SETTING AMENDED BRIEFING SCHEDULE RE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(ECF No. 201) |

Petitioner has moved *pro se* to supplement his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 201. The Court construes the supplemental brief as a request to file an amended petition, pursuant to Federal Rule of Civil Procedure 15. *See* 28 U.S.C. § 2242 (An "[a]pplication for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ("This circuit and others have noted that 'Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.'"); *Anthony v. Cambra*, 236 F.3d 568, 57-78 (9th Cir. 2000) (rejecting the argument that Rule 15 is inapplicable to federal habeas petitions). Under Federal Rule of Civil Procedure 15(a), a petitioner seeking collateral relief may amend his pleadings once as a matter of course before a responsive pleading is served, but any further amendment requires leave of court. Fed. R. Civ. P. 15(a)(2). After Petitioner filed his prior amended petition, the Court warned him that any subsequent amendments would require leave of court. ECF No. 164.

Petitioner's request to file another amended petition was filed on the day the Government was due to file its opposition to the amended petition. Petitioner avers in his request that the amended

1

petition should be granted because the Government would not suffer any prejudice by the filing of an amended petition because it had not yet filed its opposition. Petitioner's prior filings claim that he received ineffective assistance of counsel because his attorney failed to advise him of a sentencing enhancement that would apply when he pleaded guilty; failed to object at the sentencing hearing to a two-level sentencing enhancement for possession of a firearm, failed to argue at the sentencing hearing for applicability of a two-point reduction for minor role; and failed to file a notice of appeal after Petitioner requested that he do so after the sentencing hearing. The proposed amended petition adds a new claim for ineffective assistance of counsel in addition to the ones in the prior filings. Petitioner now seeks to include a claim that he suffered ineffective assistance of counsel because his attorney did not contest the factual basis for his dismissal from the Delancey Street drug treatment program.

Rule 15 provides that a court shall freely grant a request to amend when justice so requires. Though there is some prejudice to the Government—which had prepared and was on the verge of filing its opposition to the Petition—the requested amendment does not alter the substance of his prior claims and only seeks to add one limited additional claim. Despite the tardy request, the Court will allow the amendment. It shall be the last.

In light of the filing of an amended petition, **IT IS HEREBY ORDERED** that:

1. Petitioner's request to file a supplemental brief (ECF No. 201) is **GRANTED**;
2. The Government's opposition to Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 156) is due **Monday, August 12, 2019**. Petitioner's reply in support of his motion is due **Monday, September 9, 2019**.

IT IS SO ORDERED.

    Dated: **July 11, 2019**                /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE