# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               **Plaintiff-Respondent,**<br><br>      v.<br><br>LANCE AARON WILSON,<br><br>               **Defendant-Petitioner.** | 1:15-cr-00046-LJO-SKO-4<br><br>**MEMORANDUM DECISION AND ORDER RE REQUEST FOR EXTENSION OF TIME AND TRANSCRIPTS**<br><br>**(ECF NO. 235)** |

Petitioner moves the Court for an extension of time to file a reply to the Government's opposition to Petitioner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. ECF No. 235. Petitioner also requests copies of transcripts from hearings related to his change of plea and his sentencing, ECF Nos. 177, 178, 179, 197, 198, 223, to assist him in drafting his reply. *Id.*

Petitioner's § 2255 motion, as supplemented on April 19, 2019, alleges numerous grounds for relief, including many claims of ineffective assistance of counsel related to Petitioner's understanding of his plea agreement and possible trial defenses, as well as his attorney's alleged failures at sentencing. ECF Nos. 152, 156, 161, 163, 201. The Government's opposition to Petitioner's motion, ECF No. 227, relies in part on the transcripts now requested by Petitioner, referencing specific portions in support of its arguments.

In general, the statute governing a petitioner's request for transcripts, 28 U.S.C. § 753(f), provides that the United States shall pay the fee for transcripts furnished in criminal proceedings under the Criminal Justice Act (18 U.S.C. § 3006A) or in a non-frivolous habeas corpus proceeding where the defendant has been permitted to proceed in forma pauperis. *Lucatero,* 2007 WL 1747077, at \*1 (E.D. Cal. June 18, 2007) (citing 28 U.S.C. § 753(f)). Specifically, fees for transcripts in § 2255 proceedings

shall be paid if the defendant is "permitted to sue or appeal in forma pauperis," and "if the trial judge . . .

certifies" that (1) "the suit or appeal is not frivolous" and (2) "that the transcript is needed to decide the

issue presented by the suit or appeal." 28 U.S.C. § 753(f); *see also Britt v. North Carolina*, 404 U.S.

226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided

"with a transcript of prior proceedings when that transcript is needed for an effective defense or

appeal").

Here, the Court finds that, on its face, Petitioner's § 2255 motion is not frivolous. While

Petitioner signed a plea agreement that purports to waive most appellate and postconviction rights, ECF

No. 94, claims for ineffective assistance of counsel generally are not waivable. Further, the

Government's reliance, in part, on the requested transcripts in opposing Petitioner's motion is strongly

suggestive that the transcripts are necessary to decide at least some issues presented by Petitioner's suit.

Therefore, the Court grants Petitioner's request for copies of transcripts related to his change of plea and

sentencing, ECF Nos. 177, 178, 179, 197, 198, 223.

In light of the Court's decision granting Petitioner's request for transcripts, the Court further

grants Petitioner's request for an extension of time to reply to the Government's opposition. Petitioner

shall have 60 days from the date of this order to file his reply.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's request for copies of transcripts related to his change of plea and sentencing, ECF

   Nos. 177, 178, 179, 197, 198, 223, is **GRANTED and the Clerk of the Court is directed to**

   **produce copies of the transcripts and serve them on Petitioner**; and

2. Petitioner's reply to the Government's opposition is due by **December 23, 2019**.

IT IS SO ORDERED.

Dated:  **October 22, 2019**          _____ **/s/ Lawrence J. O'Neill** _____
                                                   UNITED STATES CHIEF DISTRICT JUDGE