UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:15-cr-00046-4-NONE-SKO |
|---|---|
| Plaintiff-Respondent, | ORDER RE EVIDENTIARY HEARING ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AS TO REMAINING CLAIM |
| v. | |
| LANCE AARON WILSON, | |
| Defendant-Movant. | (Doc. 161) |

Lance Aaron Wilson, a federal prisoner proceeding *pro se*, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docs. 146–49, 150, 152, 155–56, 161, 163, 201.) The Court denied Wilson's motion in large part and directed the government to file a sur-reply addressing Wilson's claim 2(f) in which he has alleged that he received ineffective assistance due to his counsel's failure to file a notice of appeal. (Doc. 290.) The government filed its sur-reply. For the reasons set forth below, the Court concludes that an evidentiary hearing is needed to resolve material disputes of fact as to Wilson's remaining claim.

**I.     Background**

In 2016, Wilson pleaded guilty pursuant to a plea agreement to conspiring to distribute oxycodone and hydrocodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 94 at 2, 95.) By the plea agreement, Wilson waived both his right to direct appeal and his right to collaterally attack his plea, conviction, and/or sentence. (*See* Doc. 94 at 3-4.) It was determined

1

that the advisory U.S. Sentencing Guidelines called for a term of imprisonment in his case of between 70 and 87 months, but the U.S. Probation Office recommended a downward variance to 48 months based upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). (Doc. 107 at 29.) Wilson elected to delay his sentencing so he could participate in a drug rehabilitation program at Delancey Street in part so that he ultimately could argue for a term of imprisonment below the recommended 48 months. (Doc. 178 at 7-11.) Wilson made this election despite the then-assigned District Judge's explicit warning to that he would receive a sentence well above probation's 48-month recommendation if he were to be unsuccessful in completing that rehabilitation program. (*Id.*) Shortly after entering, Wilson was terminated from Delancey Street for violating the program's rules. (Docs. 130, 142.) On March 19, 2018, Wilson returned to court for sentencing and was sentenced to 96 months in prison. (Docs. 141, 143 at 2.)

On May 29, 2018, Wilson filed a motion with the Court seeking relief under 28 U.S.C. § 2255. (Doc. 149.) The motion was one of several simultaneously filed documents, all of which collaterally attacked his sentence, and the additional filings were construed by the Court as raising additional grounds for habeas relief or as supplementing Wilson's § 2255 motion. (Docs. 146-148, 150-52.) Wilson also filed additional § 2255 motions, construed as amendments and supplements on May 31, 2018; June 7, 2018; October 3, 2018; October 12, 2018; and April 19, 2019. (Docs. 155, 156, 161, 163, 201.) Due in part to the number of Wilson's filings, the government was given additional time to respond thereto on several occasions. (Docs. 164, 172, 191, 200, 212, 219, 226.) Broadly speaking, Wilson's grounds for relief included claims of ineffective or conflicted assistance of counsel; an unknowing or involuntary plea of guilty; and various alleged sentencing errors. On September 27, 2019, the government filed its opposition to the cumulative grounds raised in the § 2255 motion, amendments, and supplements. (Doc. 227.) On December 30, 2019, Wilson filed his reply. (Doc. 237.)

On January 6, 2022, the Court issued an order denying Wilson's motion in large part[1] and directing the government to file a sur-reply addressing Wilson's claim 2(f) in which he has alleged that he received ineffective assistance due to his counsel's failure to file a notice of

---

[1] Notably, the Court found that Wilson's plea was knowingly and voluntarily made. (Doc. 290 at 18.)

2

1  appeal. (Doc. 290.) The Court described two events that prevented it from reaching the merits of
2  Wilson's remaining claim. (*Id*. at 20.) First, the Court explained that the government's opposition
3  (Doc. 227 at 28-30) argued in part that Wilson's claim was conclusory. (*Id*.) In Wilson's reply
4  (Doc. 237 at 13-14, 22-24), several new facts and details were offered in support of the claim,
5  including an affidavit from Wilson's father. (*Id*.) Based on this new evidence, the Court declined
6  to rule on the merits of the claim until the government was afforded an opportunity to respond.
7  (*Id*. at 20-21.) The Court also felt it necessary to afford the government an opportunity to respond
8  in light of the Ninth Circuit's decision in a similar case, *United States v. Fabian-Baltazar*, 931
9  F.3d 1216 (9th Cir. 2019), which was issued shortly before the government filed its opposition to
10 Wilson's § 2255 motion. (*Id*. at 21.) The government filed its sur-reply on February 19, 2022.
11 (Doc. 292.)

12 **II.    Standards of Law**

13   A federal prisoner making a collateral attack against the validity of his or her conviction
14 or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to
15 § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th
16 Cir. 1988). A § 2255 motion entitles a federal prisoner to relief "[i]f the court finds that . . . there
17 has been . . .a denial or infringement of the constitutional rights of the prisoner . . ." 28 U.S.C.
18 § 2255(b).

19   Generally, only a narrow range of claims fall within the scope of § 2255. *United States v.*
20 *Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). To warrant relief, a Wilson must demonstrate the
21 existence of an error of constitutional magnitude that had a substantial and injurious effect or
22 influence on the guilty plea or the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637
23 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now
24 that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to
25 those under section 2254."). The alleged error of law must be "a fundamental defect which
26 inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346
27 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

28   As a *pro se* litigant, the movant's pleadings are accorded liberal construction and held to a

3

less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, the requirement of liberal construction does not mean that the court can ignore an obvious failure to allege facts that set forth a cognizable claim. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("We also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim."); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

**III.   Analysis**

Wilson's remaining claim involves the allegation that his counsel rendered ineffective assistance by failing to file a notice of appeal despite an explicit instruction from Wilson to do so. (Doc. 161 at 3-4.) As noted, Wilson entered into a plea of guilty pursuant to a plea agreement that included a specific waiver of his right to collaterally attack his plea, conviction, and sentence. (*See* Doc. 94 at 3-4.) It is also the case, however, that "[c]laims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary [] may not be waived." *Davies v. Benov*, 856 F.3d 1243, 1246 n.2 (9th Cir. 2017). In its January 6, 2022 order, the Court found that Wilson's plea, which contained a specific waiver of his right to collaterally attack his plea, conviction, and sentence, was made voluntarily and knowingly. (Doc. 290 at 18.) Accordingly, the Court concluded Wilson's waiver was enforceable. (*Id.*) The question remaining before the Court is whether Wilson is entitled to relief regarding his allegation that counsel failed to file a notice of appeal.

To prevail on an ineffective assistance of counsel claim, a movant must demonstrate two elements: "deficient performance" and "prejudice." *Strickland v. Washington*, 466 U.S. 668, 692 (1984). Even if a defendant has waived his right to appeal, if he then expressly requests that his

4

1  attorney file a notice of appeal and that attorney fails to do so, that attorney has performed

2  deficiently. *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019); *see also Roe v. Flores-Ortega*, 528 U.S.

3  470, 470 (2000) ("A lawyer who disregards a defendant's specific instructions to file a notice of

4  appeal acts in a professionally unreasonable manner[.]"). Moreover, "prejudice is presumed when

5  a defendant is deprived of an appeal that he waived but nonetheless tried to assert." *Fabian-*

6  *Baltazar v. United States*, 2019 WL 7282046, at *4 (E.D. Cal. 2019) (citing *Garza*, 139 S.Ct. at

7  749; *Fabian-Baltazar*, 931 F.3d at 1217).

8      If there are no express instructions from the defendant that his attorney file an appeal, the

9  analysis changes. To determine whether an attorney performed deficiently, the first question the

10  Court must ask is whether the attorney consulted with the defendant about an appeal. *Flores-*

11  *Ortega*, 528 U.S. at 470-71. If the attorney consults the defendant, he only acts in a professionally

12  unreasonable manner if he fails to follow the defendant's express instructions as to an appeal. *Id.*

13  at 471. If the attorney does not consult, the next question is whether the failure to consult

14  constitutes deficient performance. *Id.* Finally, prejudice is shown where the defendant

15  "demonstrate[s] that there is a reasonable probability that, but for counsel's deficient failure to

16  consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at

17  471; *see also Garza*, 139 S. Ct. at 747; *Fabian-Baltazar*, 2019 WL 7282046, at *4.

18      **A.**    **Whether Wilson's counsel performed deficiently**

19      In his motion, Wilson alleges that after he was sentenced, he instructed his counsel to file

20  an appeal and was told that his appeal rights were waived in the plea agreement. (Doc. 161 at 3.)

21  Wilson avers he had no foreknowledge of the upward adjustment to his offense level based upon

22  the presence of a firearm that was applied in his case and implies that he only learned of that

23  upward adjustment in the guideline calculation at his sentencing hearing. (*Id.* at 3.) Wilson claims

24  he explained this to his counsel, who replied that "a waiver forecloses a direct appeal regardless."

25  (*Id.*) Wilson alleges that despite his instructing his counsel to file an appeal, his counsel

26  "refused." (*Id.* at 6.)

27      In its opposition, the government argues that without any description of the

28  communication between the defendant and counsel, including specific facts as to when and how

the request was made, Wilson's conclusory assertion is insufficient to require an evidentiary hearing. (Doc. 227 at 28-29.) Further, in his declaration, Wilson's counsel states:

> Throughout the scope of my representation of [Wilson], he never requested that I file an appeal (in writing or verbally). In addition, the waiver of a right to appeal (pursuant to the plea agreement) was discussed in detail on several dates, including November 26, 2016 when [Wilson] signed a memorandum of plea agreement in my presence. After this date, no conversation took place regarding a request for filing an appeal or information regarding an appellate process.

(Doc. 227-1 at 4-5.)

In response, Wilson introduces new facts in support of his position. Wilson contends that "[s]econds after the pronouncement of the sentence," he asked his counsel to file a notice of appeal. (Doc. 237 at 14.) Wilson claims his counsel responded by saying, "[W]e will discuss it later." (*Id*.) Wilson also claims that minutes after the sentencing, his father, Mack Wilson, and his girlfriend, Trinh Nguyen, both met with Wilson's counsel wherein Mack asked counsel "about filing an appeal for his son Lance." (*Id*.) Wilson avers that his counsel told Mack that he "could not appeal because the plea agreement would not allow him to do so." (*Id*.) Mack's declaration confirms the contention that he requested an appeal on behalf of his son, on the day of sentencing, and that he was told by counsel that Wilson could not appeal due to the plea agreement. (*Id*. at 22.)

It its sur-reply, the government asserts that Wilson never expressly instructed his counsel to file an appeal. (Doc. 292 at 2.) The government provides a second declaration from Wilson's counsel, wherein he states that Wilson never requested that his office file a notice of appeal, that he was never contacted by anyone regarding the filing of an appeal, and that Wilson never requested family members or friends to request the filing of an appeal. (Doc. 292-1 at 1.) The government attempts to distinguish the facts from *Fabian-Baltazar* by asserting that in that case, the movant made clear his intentions with regard to filing of an appeal by telling his counsel prior to sentencing and making comments on the record of his intent. (Doc. 292 at 2-3.) The government claims there are no such facts here. (*Id*. at 3.) The government notes that Wilson did not indicate an interest in appeal at any point during his plea hearing or sentencing hearings and did not mention his counsel's failure to appeal until his seventh section 2255 filing. (*Id*.) As such,

6

the government argues, "Had those conversations actually taken place, presumably [M]ovant would have made those allegations and relayed those detailed facts at the outset of his series of § 2255 filings." (*Id.*)

### B. An evidentiary hearing is warranted

A § 2255 motion requires an evidentiary hearing where "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (quoting *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir. 1980)). Under this standard, an evidentiary hearing in section 2255 cases is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981); *see also United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) ([A] district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" (quoting *Schaflander*, 743 F.2d at 717)); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) ("a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims"). Though conflicting sworn statements from a defendant and his trial attorney ordinarily trigger an evidentiary hearing where the defendant's version of the facts would entitle him to relief, the Ninth Circuit has held that "merely conclusionary statements in a [section] 2255 motion are not enough to require a hearing." *Hearst*, 638 F.2d at 1194 (quoting *Wagner v. United States*, 418 F.2d 618, 621 (9th Cir. 1969)); *see also United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required."). This does not require the movant to "detail his evidence," only that he make factual allegations. *Hearst*, 638 F.2d at 1194.

There is a material dispute created by the declarations of Wilson, his father, and his counsel. Wilson has made specific factual allegations—as opposed to conclusionary statements—to support his claim that he gave express instructions to his counsel to appeal, including where, when, how, and what was said. Assuming the truth of Wilson's allegations, Wilson has provided

7

direct statements purportedly made by Wilson's counsel in response to Wilson's alleged requests, which are supported by Wilson's declaration as well as his father's. Accordingly, Wilson states a claim upon which relief could be granted and an evidentiary hearing is required to allow the record to be supplemented and to resolve the factual disputes regarding ineffective assistance of counsel before the Court can determine the merits of the claim. *See United States v. Leonti*, 326 F.3d 1111, 1122 (9th Cir. 2003) (holding that an evidentiary hearing was required "to resolve numerous factual issues upon which [Wilson's] ineffective assistance of counsel claim depends").

Under the circumstances of this case, the government has two options. It may continue to oppose Wilson's claim for relief, in which case the Court will need to make a factual determination[2] as to whether Wilson did ask his previous counsel to file a notice of appeal or whether Wilson's counsel performed deficiently by failing to consult with Wilson regarding his appeal.[3] If the Court determines that Wilson's allegations are true, the Court will vacate and reenter the judgment to allow petitioner to file a timely notice of appeal. *Sandoval-Lopez*, 409 F.3d at 1198. If the Court determines that Wilson's allegations in this regard are not true, Wilson is entitled to no further relief. *Id*. In the alternative, the government may elect not to oppose the pending § 2255 motion on this issue and to allow Wilson to appeal without an evidentiary determination. *Id*. If the government elects this path, the Court will vacate and reenter the judgment assuming, without deciding, that Wilson's ineffective assistance claim as to counsel's failure to file an appeal is true. *Id.*

---

[2] When an evidentiary hearing is warranted in a § 2255 proceeding, an indigent defendant is entitled to the appointment of counsel. Rule 8(c), Rules Governing Section 2255 Cases in the U.S. District Courts (amended January 24, 2020). Therefore, if the government intends to proceed to an evidentiary hearing, the Court will, by separate order, appoint the Federal Defender's Office to represent Wilson for purposes of his evidentiary hearing pursuant to Rule 8 and consistent with the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A.

[3] Even if the Court finds there were not express instructions to file a notice of appeal, the inquiry does not end there. If counsel fails to consult, as the government appears to concede (*See* Docs. 227, 227-1, 292, 292-1), counsel has performed deficiently for failing to consult with Wilson when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005) (quoting *Flores-Ortega*, 528 U.S. at 471) (internal quotation marks omitted). "A 'highly relevant factor' in determining whether a rational defendant would want to appeal is whether the plea was entered pursuant to a plea agreement, whether the defendant had been sentenced in accord with his agreement, and whether the plea agreement waived or reserved the right to appeal." *Id*. Finally, prejudice is shown where the defendant "demonstrate[s] that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 471; *see also Garza*, 139 S. Ct. at 747; *Fabian-Baltazar*, 2019 WL 7282046, at *4.

**IV.     Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. Wilson's case is referred to the Federal Defender's Office for representation for purposes of an evidentiary hearing.
2. The Clerk of Court is DIRECTED to add the Federal Defender's Office Panel Administrator, Connie Garcia (Connie_Garcia@fd.org), to the service list prior to docketing of this order.
3. The government is ORDERED to inform the Court how it wishes to proceed in this matter within 20 days of the filing date of this order.
4. An evidentiary hearing will be scheduled, if required, upon receipt of the government's response.

IT IS SO ORDERED.

Dated:   **May 6, 2022**                                    /s/ Jennifer L. Thurston
                                                                                       UNITED STATES DISTRICT JUDGE